# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| ZULEYMA L. GARCIA<br>1816 Metzerott Rd., Apt. A4<br>Adelphi, Maryland 20783 | * * * * | |
| PLAINTIFF, | * * | Civil Action No. |
| v. | * * | Jury Trial Demanded |
| INFINITE DESIGN ELECTRIC<br>ASSOCIATES, LLC<br>THE MOSBY<br>10560 Main St., Ste. 320<br>Fairfax, VA 22030-7175 | * * * * * * | |
| SERVE RESIDENT AGENT:<br>Corporation Service Company<br>100 Shockoe Slip Fl. 2<br>Richmond, VA 23219 | * * * * * * * | |
| DEFENDANTS. | * | |

*****************************************************************************

## COMPLAINT

Plaintiff, Zuleyma L. Garcia ("Plaintiff"), by and through undersigned counsel, hereby brings this Complaint against Defendant Infinite Design Electric Associates, LLC ("IDE"), for the discriminatory and harassing treatment she was subjected to, throughout her employment at IDE between September 2018 to the end of her employment in February 2020. Plaintiff was summarily terminated by Defendants on the basis of her sex, and her repeated reports to management regarding the hostile work environment and repeated harassment and discrimination she faced on a consistent basis in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), and other applicable law. In support of this complaint, Plaintiff states the following:

## JURISDICTION AND VENUE

1. Subject matter jurisdiction exists pursuant to 28 U.S.C.S. § 1331, 28 U.S.C.S. § 1342(a)(1), and 28 U.S.C.S. § 1367(a). Plaintiff's Title VII causes of action arise under federal law. Additionally, Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000, exclusive of costs and interest. Plaintiff is a citizen of Maryland and Defendant IDE is a citizen of Virginia.

2. Venue is proper in this district pursuant to 28 U.S.C.S. § 1391 because a substantial part of the acts giving rise to this claim occurred in the District of Columbia, and because Defendant IDE regularly conducted business in the District of Columbia. Additionally, venue is proper in this district pursuant to 42 U.S.C.§ 2000e-5(f)(3) because but for the unlawful employment practices of IDE and its representatives/agents and the termination of Plaintiff's employment, Plaintiff would have continued to work on behalf of IDE in the District of Columbia.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

3. Plaintiff timely filed a Charge of Discrimination with the Equal Opportunity Employment Commission ("EEOC") in the Washington Field Office on December 7, 2020. That charge was cross-filed with the Virginia Office of Civil Rights. The EEOC issued a Notice of Rights on October 29, 2021, and this suit follows.

## FACTUAL ALLEGATIONS

4. Plaintiff began employment at IDE in September 2018.

5. Plaintiff's job classification during her employ at IDE was an "Electrical Assistant." As an "Electrical Assistant," Plaintiff's job duties included, but were not limited to, connecting devices to cable wires, as well as assisting the foreman of work projects with work duties such as connecting receivers, connecting fire alarms, and dealing with electrical receptors.

6. Plaintiff was the only female working in the construction area at Defendant Company during the Relevant Period.

7. Starting at the beginning of Plaintiff's employ in September 2018, she was subjected to derogatory comments of a sexual nature by IDE employees Juan Varga ("Varga") and Jorge Pineda ("Pineda"). Additionally, she was subjected to a hostile work environment on a consistent basis.

8. Both Varga and Pineda served as foremen for the Relevant Period during Plaintiff's employ at IDE.

9. As foremen, both Varga and Pineda were responsible for overseeing IDE employees and work projects and ensuring that work duties and tasks were completed.

10. From September 2018 to January 2019, Varga consistently implied to employees in and around IDE that he and the Plaintiff were involved in a romantic relationship, when they were not. Plaintiff was repeatedly subjected to Varga staring at her inappropriately at work and making derogatory comments to her when she objected to his inappropriate behavior and unwanted sexual remarks.

11. Between November and December 2018, Plaintiff and Pineda were in a room together working, and Pineda motioned towards Plaintiff and tried to kiss her, invading her personal space. Plaintiff put her hands up, pushed Pineda away from her, and told him what he was trying to do was wrong, was considered harassment, and was illegal. During this incident, Pineda also blocked the door of the room him and the Plaintiff were inside of, temporarily preventing the Plaintiff from exiting the room.

12. In late 2018, Plaintiff was connecting a receptor at work, when Pineda unexpectedly grabbed her hand and bit it with his teeth, with no explanation. Plaintiff sustained a bite mark to

her hand. Plaintiff then confided in one of her co-workers and showed the co-worker the bite mark that Pineda left on her hand.

13. Between November and December 2018, Pineda picked up a metallic tool with a magnetic tip, which was used to pick up nails, and touched Plaintiff's breast with it. After Pineda placed the tool on Plaintiff's breast, Plaintiff grabbed the tool, ultimately pushing it off of her breast. Plaintiff confronted Pineda, told him to stop, and told him she would contact the police. Pineda replied to Plaintiff, "I will deny it. No one is going to believe you."

14. Furthermore, during Plaintiff's employ at IDE, Pineda exclusively referred to Plaintiff as "chancla" which translates to mean "flip flop" in English.

15. Around January 2019, Varga harassed Plaintiff. Varga approached Plaintiff from the front, brought his face less than one (1) inch from hers, leaned in as though he was going to kiss her, and began staring at the Plaintiff. Plaintiff told Varga this made her uncomfortable and asked him to stop.

16. Between January and February 2019, Plaintiff reported the harassing and inappropriate conduct of Varga and Pineda to Mr. José Meléndez ("Meléndez"), who was a supervisor at IDE. Meléndez told Plaintiff that Pineda and Varga were just "jokesters" and informed Plaintiff that he would speak with them.

17. Around March 2019, IDE employee, Foreman Misael (Last Name Unknown) called the Plaintiff names, including but not limited to "stupid" and "idiot." Misael also told the Plaintiff that he did not understand why IDE would send a woman to work for the company and called her an "asshole" in Spanish. Pineda referred to women as "useless" and said that the Plaintiff's job was a "man's job."

18. Around June 2019, IDE employees Juan Garcia ("Garcia") and Miguel Vásquez ("Vásquez") commented on the Plaintiff's age and called her an "old menopausal woman." In November 2019, Vásquez repeated this comment to the Plaintiff.

19. In September 2019, Plaintiff again complained to supervisor Meléndez about the work environment and the harassment she was subjected to at IDE. During this conversation, Meléndez's response to the Plaintiff was dismissive and he trivialized Plaintiff's complaints.

20. From approximately October 2019 to January 2020, IDE employee Anael López ("López") ostracized the Plaintiff by limiting her job duties to taking out the garbage and cleaning, even though she was an Electrical Assistant. During this time, around December 2019, IDE Foreman Reynaldo (Last Name Unknown) insisted Plaintiff complete a two-person job alone.

21. In February 2020, Plaintiff complained for the third time to IDE supervisor Meléndez about the hostile work environment and harassment she was subjected to on a regular basis at IDE. During said discussion, Meléndez again was dismissive of Plaintiff's complaints, would not allow her to speak, and persistently interrupted her during said discussion. Meléndez told the Plaintiff that he could not control the nonsense of his employees. Meléndez went further to say that many of the employees that taunted, harassed, and made sexual advances towards the Plaintiff had been with IDE for sixteen (16) years.

22. In February 2020, IDE laid off Plaintiff from her job as an Electrical Assistant.

23. Defendant IDE ultimately terminated Plaintiff in February 2020, only weeks after she made her third complaint to supervisor Meléndez regarding her complaints of sexual harassment.

24. As a result of the harassment, discrimination, and hostile work environment that she had to endure, Plaintiff has suffered mental and emotional distress and psychological effects.

25. During her time at IDE, Plaintiff attempted to seek counseling, but was unable to do so because IDE did not properly process her health insurance information.

## CAUSES OF ACTION

### COUNT I
**(Hostile Work Environment Based on Sexual Harassment in Violation of Title VII against Defendant IDE)**

26. Plaintiff incorporates paragraphs 1 to 25 as if fully set forth herein.

27. Defendant IDE is an "employer" within the meaning of Title VII.

28. Plaintiff was an "employee" within the meaning of Title VII.

29. Through the conduct described above, Plaintiff engaged in a protected activity when she repeatedly complained about and opposed IDE employees' unwanted sexual remarks and advances.

30. IDE retaliated against Plaintiff for engaging in that protected activity by taking several materially adverse employment actions against her, including but not limited to, intensifying the hostile work environment, restricting Plaintiff's job responsibilities to taking out the garbage and cleaning at Defendant Company, and ultimately terminating her employment at Defendant Company.

31. Defendant IDE is liable for the discriminatory conduct described above because the actions were committed by Plaintiff's supervisors, Pineda and Varga, who were the supervising foremen on many of the jobs that Plaintiff worked, with the authority to take tangible employment actions, including hiring and firing decisions and managing where particular employees worked on the site.

32. As a direct and proximate result of the discrimination and harassment described above, Plaintiff has suffered substantial injury. Plaintiff has suffered, and will continue to suffer,

irreparable loss and harm, including but not limited to, economic loss, humiliation, embarrassment, mental and emotional distress, anxiety, depression, and the deprivation of her rights to equal employment opportunities.

33. Through the conduct of Defendant IDE and its agents and/or representatives including Varga, Pineda, Meléndez, Misael, Garcia, Vásquez, and López, Defendant IDE acted intentionally, maliciously, oppressively and with willful, callous, wanton and reckless disregard for Plaintiff's rights.

## COUNT II
**(Retaliation in Violation of Title VII Against Defendant IDE)**

34. Plaintiff incorporates paragraphs 1 to 33 as if fully set forth herein.

35. Defendant IDE is an "employer" within the meaning of Title VII.

36. Plaintiff was an employee within the meaning of Title VII.

37. Through the conduct described above, Plaintiff engaged in a protected activity when she repeatedly complained about and opposed IDE employees' unwanted sexual harassment and abuse.

38. IDE retaliated against Plaintiff for engaging in that protected activity by taking several materially adverse actions against her, including but not limited to, intensifying the hostile work environment, restricting Plaintiff's job responsibilities to taking out the garbage and cleaning at Defendant Company, laying off Plaintiff and ultimately terminating her employment at Defendant Company.

39. Plaintiff was terminated from IDE after she repeatedly engaged in protected activity of complaining about and opposing the harassing, inappropriate and unwanted conduct by IDE employees.

40. As a direct and proximate result of the retaliation described above, Plaintiff has suffered substantial injury. Plaintiff has suffered, and will continue to suffer, irreparable loss and harm, including but not limited to, economic loss, humiliation, embarrassment, mental and emotional distress, anxiety, depression and the deprivation of her rights to equal employment opportunities.

41. Through the conduct of Defendant IDE and its agents and/or representatives including Varga, Pineda, Meléndez, Misael, Garcia, Vásquez, and López, Defendant IDE acted intentionally, maliciously, oppressively and with willful, callous, wanton and reckless disregard for Plaintiff's rights.

## COUNT III
### (Discriminatory Termination Based on Sex in Violation of Title VII Against Defendant IDE)

42. Plaintiff incorporates paragraphs 1 to 41 as if fully set forth herein.

43. Defendant IDE is an employer within the meaning of Title VII.

44. Plaintiff was an employee and member of a protected class due to her sex within the meaning of Title VII.

45. Through the conduct described above, Plaintiff suffered an adverse employment action when she was terminated based on her sex.

46. Defendant IDE acted with discriminatory motive and treated Plaintiff less favorable than others at Defendant Company. Plaintiff performed her job satisfactorily and IDE did not terminate similarly situated male employees, who were treated more favorably.

47. As a direct and proximate result of the discriminatory termination described above, Plaintiff has suffered substantial injury. Plaintiff has suffered, and will continue to suffer, irreparable loss and harm, including but not limited to, economic loss, humiliation, embarrassment,

mental and emotional distress, anxiety, depression, suicidal thoughts, and the deprivation of her rights to equal employment opportunities.

48. Through the conduct of Defendant IDE and its agent and/or representatives including IDE employees Varga, Pineda, Meléndez, Misael, Garcia, Vásquez, and López, Defendant IDE acted intentionally, maliciously, oppressively and with willful, callous, wanton and reckless disregard for Plaintiff's rights.

## COUNT IV
### (Negligent Hiring, Supervision, Training and Retention Against Defendant IDE)

49. Plaintiff incorporates paragraphs 1 to 48 as if fully set forth herein.

50. IDE was negligent in its hiring, supervision, training and retention of employees.

51. Employees Varga and Pineda behaved in a dangerous or otherwise incompetent manner by using their authority provided by Defendant IDE to sexually harass and abuse Plaintiff while she worked at Defendant Company.

52. IDE knew or should have known of Pineda and Varga's dangerous and incompetent behavior.

53. Defendant IDE armed with that actual or constructive knowledge, failed to adequately supervise or train Pineda and Varga to not engage in the conduct described above.

54. As a direct and proximate result of the harassment described above, Plaintiff has suffered substantial injury. Plaintiff has suffered, and will continue to suffer, irreparable loss and harm, including but not limited to, economic loss, humiliation, embarrassment, mental and emotional distress, anxiety, depression, and the deprivation of her rights to equal employment opportunities.

55. Through the conduct of Defendant IDE and its agents and/or representatives, Defendant IDE acted intentionally, maliciously, oppressively and with willful, callous, wanton and reckless disregard for Plaintiff's rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter a final judgment finding the Defendant liable to Plaintiff on all counts and to enter an Order:

A. Awarding Plaintiff any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions. Plaintiff should be accorded, inter alia, the pay and benefits illegally delayed and/or withheld from the date she first suffered harassment and/or retaliation at the hands of Defendant and its agents/representatives;

B. Awarding punitive damages to Plaintiff for Defendant's willing, deliberate, malicious, and outrageous conduct, and to deter defendants from engaging in such misconduct in the future;

C. Awarding damages for the pain, suffering, and humiliation caused to her by the actions of the Defendant and its agents/representatives;

D. Awarding the costs of this litigation;

E. Awarding reasonable attorneys' fees and litigation costs; and

F. Granting Plaintiff such other and further relief as this Court may deem just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a jury trial on all issues so triable.

Respectfully submitted,

/s/ Michael K. Amster
Michael K. Amster, Esquire, Bar No.: 1001110
Zipin, Amster & Greenberg, LLC
8757 Georgia Avenue, Suite 400
Silver Spring, MD 20910
Telephone: 301-587-9373
Fax: 240-839-9142
mamster@zagfirm.com

*Counsel for Plaintiff*

Date: December 21, 2021